IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>GERALDO M. QUEZADA,<br><br>          Defendant. | 8:05CR397<br><br>REPORT AND RECOMMENDATION |

The defendant was arraigned in this matter on November 15, 2005. At that time, he was represented by court-appointed counsel and the deadline for filing substantive pretrial motions was set for December 12, 2005. No pretrial motions were filed, and trial was set for January 3, 2006. At the defendant's request, trial was continued to February 21, 2006.

On February 7, 2006, Hugh I. Abrahamson and Shaun F. Downey entered their appearances as retained counsel and immediately filed a "Motion for Continuance of Trial Date" [19]. Presumably, counsel were aware at that time that the motions deadline had expired but, significantly, did not request any extension of that deadline. Upon receipt of the defendant's speedy trial waiver, trial was continued to April 4, 2006.

On March 8, 2006, notwithstanding the expiration of the motions deadline and the trial schedule, defendant filed a document captioned "MOTION TO SUPPRESS IDENTIFICATION, MOTION TO SUPPRESS STATEMENT, MOTION TO SUPPRESS EVIDENCE, REQUEST FOR EVIDENTIARY HEARING, REQUEST FOR ORAL ARGUMENT" [24]. These "motions" are deficient in that they are not accompanied by any brief, *see* NECrimR 12.3(b)(1). Nor has the defendant shown any cause whatsoever for an extension of the motions deadline, *see* NECrimR 12.3(a).

Allowing the defendant to file deficient substantive pretrial motions out of time for no cause shown would only serve to disrupt the scheduled trial date. For that reason,

**IT IS RECOMMENDED** that defendant's "MOTION TO SUPPRESS IDENTIFICATION, MOTION TO SUPPRESS STATEMENT, MOTION TO SUPPRESS EVIDENCE, REQUEST FOR EVIDENTIARY HEARING, REQUEST FOR ORAL ARGUMENT" [24] be denied in its entirety or stricken as untimely filed.

Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.

**DATED March 9, 2006.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**