IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:05CR397** |
| **vs.** ) | |
| ) | **REPORT AND** |
| **GERALDO M. QUEZADA,** ) | **RECOMMENDATION** |
| ) | |
| **Defendant.** ) | |

    Defendant has filed an "AMENDED MOTION TO SUPPRESS IDENTIFICATION, MOTION TO SUPPRESS STATEMENT, MOTION TO SUPPRESS EVIDENCE, REQUEST FOR EVIDENTIARY HEARING, REQUEST FOR ORAL ARGUMENT" [26]. Attached to the motion is an affidavit of the defendant which, translated into English, expresses his concerns about the current trial date and why he personally did not previously realize he had any grounds for filing a motion to suppress evidence.

    I note that the defendant has been continuously represented by counsel since November 15, 2005. The defendant retained present counsel on his own volition and is advised that his retained attorneys, who are – or should be – familiar with the rules and practices of this court, knew – or certainly should have known – when they accepted the case that the deadline for filing substantive pretrial motions had expired. The defendant did not timely request any extension of that deadline, and the trial date was extended to April 4, 2006 at the defendant's request. A month after the trial date was set, counsel began filing substantive pretrial motions, notwithstanding the trial schedule and the expiration of the motions deadline.

    Nothing in the defendant's affidavit, the cryptic "AMENDED MOTION," or the supporting "Brief"[1], tends to change my opinion that allowing the defendant to file deficient substantive pretrial motions out of time without good cause would only serve to disrupt the scheduled trial date.

    Therefore,

---

[1] Although the AMENDED MOTION [26] purports to raise many substantial issues of law, the accompanying "Brief" [27] does not contain any reference or citations to any relevant legal authorities, *see* NECrimR 12(b)(1), and is, therefore, deficient.

**IT IS RECOMMENDED** that defendant's "AMENDED MOTION TO SUPPRESS IDENTIFICATION, MOTION TO SUPPRESS STATEMENT, MOTION TO SUPPRESS EVIDENCE, REQUEST FOR EVIDENTIARY HEARING, REQUEST FOR ORAL ARGUMENT" [26] be denied in its entirety or stricken as untimely filed.

Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.

**DATED March 16, 2006.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**