IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR397** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND ORDER** |
| vs. | ) | |
| | ) | |
| **GERALDO M. QUEZADA,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion to continue trial (Filing No. 30)[1] filed by the Defendant, Geraldo M. Quezada, and the government's motion to continue (Filing No. 38).

***Defendant's Motion***

Pursuant to 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.2, the Court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NECrimR 57.2(c).

Trial has been continued twice. (Filing Nos. 17, 21.) Judge Gossett declined to grant the last motion to continue for ninety days as requested. (Filing No. 21.) The pending motion to continue fails to set out a reason for the requested continuance or the length of time requested and refers the Court to the accompanying brief. (Filing No. 30.)

---

[1] The motion to continue has been twice denied by Magistrate Judge F.A. Gossett. This motion is therefore considered as an appeal from Judge Gossett's last order (Filing No. 21) granting the requested continuance in part.

The document filed as a "brief" is merely another copy of the motion to continue. (Filing No. 32.)  A waiver of speedy trial was filed. (Filing No. 33.)

Considered as an appeal from Judge Gossett's order, the appeal is deficient in that it fails to state the basis of the appeal and include a brief stating why Judge Gossett's order was clearly erroneous or contrary to law. NECrimR 57.2(a).

Even if the motion were being considered as a renewed motion to continue, the motion fails to state facts showing that the requested extension that the "ends of justice" outweigh the interests of the public and the Defendant in a speedy trial and fails to show "good cause" for granting the motion. NECrimR 12.1(a) &(b).

Finally, the Court exercises its discretion in denying the motion. *United States v. Wipf,* 397 F.3d 632, 637 (8th Cir. 2005).

***Government's Motion***

In its discretion, the Court denies the government's motion to continue (Filing No. 38).  The Court reminds counsel that videoconferencing is available in the event that a witness must testify from a distant location.

IT IS ORDERED:

1. The Defendant's motion to continue (Filing No. 30), considered as an appeal from the Magistrate Judge's order (Filing No. 21) is denied;

2. The government's motion to continue (Filing No. 38) is denied; and

3. The Magistrate Judge's order rescheduling trial for April 4, 2006 (Filing No. 21), is affirmed.

DATED this 29th day of March, 2004.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge